UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| AKEEM KAHLIL FOREHAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-190 |
| | ) | |
| LATOYA GROOVER, JULIA JOHNSON, HAROLD JOHNSON, and STATE OF GEORGIA, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Inmate-plaintiff Akeem Forehand, who is proceeding *in forma pauperis* ("IFP"), has filed a 42 U.S.C. § 1983 form complaint asking the Court to overturn the conviction that led to his present incarceration.[1] (Doc. 1.) As Forehand's complaint fails to state a claim for relief, it must be dismissed upon initial screening pursuant to 28 U.S.C. §

---

[1] Georgia's Department of Corrections inmate locater shows that Forehand was convicted of child molestation and is serving a fifteen-year sentence. *See* Georgia Offender Query, *available at* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp.

1915(e)(2)(B)(ii). *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief), *and* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

This Court cannot provide appellate review of his state conviction, since the *Rooker-Feldman* doctrine bars review of "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). And, if it is federal habeas relief Forehand seeks, *see Castro v. United States*, 540 U.S. 375, 381 (2003) (substance must govern over nomenclature, so a proceeding's label that a litigant chooses is irrelevant), then "his sole federal remedy is a writ of habeas corpus," *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006),

which means Forehand must first exhaust his state remedies. *Williams v. Chisholm*, 2009 WL 3483585 at * 1 n. 1 (S.D. Ga. Oct. 28, 2009).

In that no apparent way exists for Forehand to navigate his § 1983 case around these roadblocks, it should be **DISMISSED WITHOUT PREJUDICE**.

Meanwhile, it is time for Forehand to pay the Court's filing fee. Based on his furnished information, he averaged $14.17 in monthly deposits for the last six months. (Doc. 5.) Accordingly, he owes a $2.83 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). But his custodian (or designee) shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P.

72(b).

**SO REPORTED AND RECOMMENDED** this ___30th___ day of January, 2015.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA